IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, ) | C/A No. 3:14-3431-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| The Gingliat, Savitz and Bettis Law Firm, in ) | |
| its corporate capacity; Stephen Savitz, ) | |
| individually; Tiffany Lurke, officially as ) | |
| employee of Palmetto Health Richland ) | |
| Hospital for injunctive relief and individually ) | |
| for damages; Frank Voss, Jr., individually for ) | |
| damages; Palmetto Health Richland Hospital ) | |
| ("PHRH"), for damages and for injunctive ) | |
| relief; and all agents of PHRH who injured ) | |
| Plaintiff on 23 August 2012 and thereafter, ) | |
| individually for damages and officially for ) | |
| injunctive relief, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Marie Assa'ad-Faltas ("Plaintiff"), a self-represented litigant proceeding *in forma pauperis*, brings this action alleging state law claims and claims brought pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that the Complaint should be summarily dismissed without prejudice and without issuance and service of process.

**I.      Procedural Background**

The Complaint alleges that, while attending a professional development conference at Palmetto Health Richland Hospital ("PHRH") on August 23, 2012, Plaintiff was falsely imprisoned

for approximately two hours by two unidentified PHRH security officers.[1]  (ECF No. 1 at 1-2.)  The Complaint claims that the incident occurred after PHRH employee Defendant Lurke accused Plaintiff of harassment.  (ECF No. 1 at 1-2.)  The Complaint names Defendant Voss as a PHRH doctor who allegedly allowed Plaintiff's "knee [to] deteriorate to the point she would need knee replacement surgery."  (Id. at 3.)  Defendant Savitz and Defendant Gingliat, Savitz and Bettis Law Firm are named as an attorney and law firm which purportedly represented Defendant Voss in prior litigation.  (Id.)  The Complaint alleges that Savitz and the law firm are aware of Plaintiff's "uniqueness and her unusual *pro se* skills" and that "it is plausible" that they participated in a civil conspiracy.  (Id.)  Plaintiff seeks damages and injunctive relief.  (Id. at 4.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  This court is required to liberally construe pro se complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[1] Plaintiff asserts in the Complaint's caption and several times in the body of the pleading that the incident occurred on August 23, 2012.  However, one paragraph of the Complaint references the date as August 23, 2014.  (ECF No. 1 at ¶5.)



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

  B.  Analysis

    1.  **Federal claims**

Plaintiff alleges claims of false imprisonment and conspiracy brought pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The instant Complaint identifies Defendant PHRH as a hospital and Defendants Lurke, Voss, and "all agents of PHRH"[2] as employees thereof. Defendants Savitz and the Gingliat, Savitz and Bettis Law Firm are identified as a defense attorney and his law firm. However, purely private conduct, no matter how wrongful or discriminatory, is not actionable under § 1983. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 (1982); see also Lee v. Jumper, C/A No. 6:12-394-TMC-KFM, 2012 WL 1107751, at *2 (D.S.C. Feb. 21, 2012) (recommending summary dismissal of false imprisonment claim against private citizen who reported alleged crime), adopted by 2012 WL 1096545 (D.S.C. Apr. 2, 2012). Further, an attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-24 nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). As Plaintiff fails to demonstrate that the defendants in this case are state actors amenable to suit under § 1983, the Complaint's false imprisonment and conspiracy claims are subject to summary dismissal.

Moreover, even where state action is established, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Iqbal, 556 U.S. 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978); Thompson v. McCoy, 425 F. Supp. 407, 411 (D.S.C. 1976) (granting business owner's motion to dismiss claim associated with arrest of plaintiff by private security guard). Therefore, Defendant PHRH would be entitled to summary dismissal from Plaintiff's constitutional false imprisonment claim in any event. In addition, to establish a conspiracy under § 1983, a plaintiff "must present evidence that

---

[2] To the extent Plaintiff intended "all agents of PHRH" to represent the security officers involved in the incident, the Complaint does not identify these individuals.



the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in [the] deprivation of a constitutional right." Glassman v. Arlington Cnty., 628 F.3d 140, 150 (4th Cir. 2010) (alterations in original) (citation omitted). In this case, Plaintiff merely speculates that Defendants Savitz, Voss, and the Gingliat, Savitz and Bettis Law firm conspired to thwart Plaintiff's "legitimate pursuit of medical care." (ECF No. 1 at 3.) Because the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006) (citation omitted), Plaintiff's conspiracy claims against these defendants are also subject to summary dismissal for failure to state a claim upon which relief may be granted.

### 2. State law claims

The Complaint raises state law claims of defamation, spoilation of evidence, intentional infliction of emotional distress, and medical malpractice. Because the Complaint's federal claims are recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action. See 28 U.S.C. § 1367(c)(3); see also Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

## III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

September 23, 2014  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).